UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| LUIS OMAR ALVAREZ ACUNA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>KBI, Inc., *et al.*,<br><br>　　　　Defendants. | CIV 04-550 PHX JWS<br><br>ORDER AND OPINION<br><br>[Re: Dockets 39 and 42] |

## I.  MATTERS PRESENTED

In an earlier order, the court determined that defendant KBI, Inc. ("KBI") was entitled to recover reasonable attorneys' fees incurred in connection with motion practice seeking to compel plaintiff Luis Omar Alvarez Acuna ("Acuna") to comply with his obligations to provide discovery pursuant to the Federal Rules of Civil Procedure. The earlier order provided that KBI should file a properly supported request laying out the amount of fees sought and the basis therefor.  KBI has done so at docket 39 wherein KBI seeks attorneys' fees in the amount of $2,723.50.  The motion at docket 39 (which KBI titled as a "petition") has not been opposed by plaintiff, and the time for a response has run.

At docket 42, KBI, moves for an order dismissing Acuna's claims with prejudice and requesting that the court award it all the attorneys' fees it has incurred in defending against Acuna's claims. The time for responding to the motion at docket 42 has come and gone. Acuna has not responded.

## II.  BACKGROUND

Acuna has been ignoring the court's orders. After KBI moved to compel discovery, the court ordered Acuna to respond to most of KBI's interrogatories and all its requests for production.[1] The court also ordered Acuna to pay KBI $3,688.00 in attorneys' fees KBI incurred in making its motion to compel.[2] Acuna has not complied with either order and has not paid the funds awarded to KBI.

More recently, based on Acuna's failure to comply with the orders, KBI moved for dismissal of Acuna's claims with prejudice and for an award of attorneys' fees.[3] The court considered that motion and declined to dismiss Acuna's claims,[4] denied the request for all attorneys' fees incurred, but did decide that KBI was entitled to recover the attorneys' fees incurred in bringing its second motion. Importantly, the order which was filed on August 30, 2005, explicitly warned Acuna: "[T]he court **WARNS** Acuna that, if he does not comply with the court's earlier orders, the court may be forced to conclude that lesser sanctions against him are ineffective and dismiss his case with

---

[1] Doc. 22, p. 3.

[2] Doc. 29.

[3] Doc. 35.

[4] Doc. 37.

prejudice."[5]  Acuna has persisted in ignoring the court's orders.  Based on his continued failure to comply, at docket 42, KBI moves again for dismissal of Acuna's claims with prejudice and for an award of all attorneys' fees incurred in defending the action brought by Acuna.

### III.  DISCUSSION

**A.  Motion at Docket 39**

At docket 39, KBI seeks an award of $2,723.50 as an award of reasonable attorneys' fees incurred in bringing its earlier motion.  The court has previously ruled that an award of reasonable fees is appropriate.  Acuna has not filed any response.  Upon review, the motion at docket 39 is found to have merit.  The amount sought, $2,723.50, is reasonable and adequately supported.

**B.  Motion at Docket 42**

Under Federal Rules of Civil Procedure 37(b)(2)(c) and 41(b), the court may dismiss an action if the plaintiff fails to comply with the court's orders where the noncompliance results from a plaintiff's "willfulness, fault, or bad faith."[6]  Here, the record amply supports a finding that Acuna has willfully disobeyed the court's orders.  He has been afforded ample opportunity to comply and has not done so.

Before dismissing the case on its merits, the court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [defendant]; (4) the public policy

---

[5]*Id.*

[6]*Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (quoting *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997)).

favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[7] The first and second factors favor dismissal where, as here, the plaintiff violates a court order,[8] and when the violation is a "[f]ailure to produce documents as ordered," so does the third factor.[9] The fourth factor weighs against dismissal. In this case, at this juncture, the fifth factor also favors dismissal. This court has previously imposed lesser sanctions–specifically extending the time for Acuna to comply and imposing monetary sanctions. The court has also explicitly warned Acuna that a continuing failure to comply with the court's orders could result in dismissal of his claims. The lesser sanctions were ineffective. Considering all of the factors, the court concludes that the remedy requested–dismissal of the claims with prejudice is an appropriate one in the circumstances.

With respect to the request for a further award of all attorneys' fees incurred in defending the action, the court notes that KBI has included no argument to support that request in its supporting memorandum and has cited no authority for the proposition that the court may award attorneys' fees. That in itself would support denial of the request.[10] Moreover, KBI will be awarded a judgment for a substantial sum in attorneys' fees based on other motions.

---

[7] *Id.*

[8] *Id.*

[9] *Id.* at 1116.

[10] *See* D. AZ L.R. 7.2(b) and (i).

## IV.  CONCLUSION

For the reasons set out above, the motion at docket 39 is **GRANTED**, and the motion at docket 42 is **GRANTED** in part and **DENIED** in part consistent with the preceding.

Based on this order, the **Clerk** will please enter judgment that plaintiff take nothing from defendant, dismissing plaintiff's claims with prejudice, awarding defendant attorneys' fees in the total amount of $6,411.50[11], and awarding defendant its costs of action.

DATED at Anchorage, Alaska, this 25th day of October 2005.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[11]This consists of the $3,688.00 awarded earlier and the $2,723.50 awarded by this order in connection with the motion at docket 39.